The People, ex rel. Budd, *vs.* Ten Eyck & Hogan.

Where in an action on the *official bond* of a *sheriff*, it was alleged by way
of breach that an execution was delivered to a deputy of the sheriff, by
virtue whereof the deputy levied upon property of the defendant in the
execution to an amount exceeding the sum directed to be levied, but
neglected to advertise and sell such goods, &c.; and that subsequently
a second execution was delivered to another deputy against the goods,
&c. of the same defendant, but in favor of another plaintiff, by virtue
whereof the same goods were levied upon and sold by the second depu-
ty, and the avails of the sale, exceeding the amount of the first execu-
tion, paid over to the plaintiff in the second execution; and the defend-
ant pleaded, that *previous to a sale* of the goods, &c. of the defendant
in the executions, and before any monies came to the hands of the sher-
iff, the sheriff, on entering on the second year of his term of office, ex-
ecuted a *new bond* with *new sureties*, who thereafter became the sure-
ties of the sheriff: IT WAS HELD, that the plea was bad, and would not
bar a recovery—that the *gist* of the action was *the neglect of the first
deputy to advertise and sell;* and such neglect having occurred previous
to the the change of sureties, the first sureties were liable—that the al-
legations in reference to the second execution were mere *surplusage,*
of which the defendants could not avail themselves under the state of
pleadings, nor could they, under the pleadings, take advantage of the
*informality* of alleging that the omission to advertise was the *default of
the deputy* instead of the *default of the sheriff.*

It seems, where, to a declaration on a bond for the performance of cove-
nants, a plea of *non est factum* only is put in, without a notice of spe-
cial matter attached, that the defendant may both *demur* and *plead;* but
that he cannot do both, where such notice is attached to the plea, as
the plea and notice conjoined will be considered as equivalent to a
special plea to the whole declaration.

Action on sheriff's bond. This was an action of *debt* on
the official bond of Asa Colvard, late sheriff of Albany—the

defendants being sued as his sureties. The bond declared on is stated to have been executed on the 29th December, 1829, conditioned for the faithful discharge of the duties of the office of sheriff of the city and county of Albany, to which office Colvard was elected in the preceding month of November. The *breach* alleged is, that on the 26th October, 1830, a *test. fi. fa.* in favor of the relator against A. Brooks for $211,$\frac{80}{100}$, returnable on the *first Monday* of January next thereafter, was delivered to one *Lansing*, a deputy of the sheriff, who, by virtue thereof, on the 10th *November, levied* upon goods and chattels of the defendant of the value of $739,49, and *that the deputy neglected to advertise and sell the goods and chattels, so levied upon by him as aforesaid.* Then it is alleged, that on or about the third day of January, 1831, another execution against the goods, &c. of A. Brooks, in favor of *M. Bullock* and others, was delivered to one *Williams*, then also a deputy of the sheriff, for $5000 and upwards; that on the 4th January, 1831, Williams, by virtue of such second execution, levied upon the same goods and chattels previously levied upon by Lansing, by virtue of the execution in favor of the relator; and that Williams, on the 1st April, 1831, *by virtue of the execution in favor of Bullock* and others, sold the said goods and chattels at public auction for the sum of $739,$\frac{49}{100}$, and paid over such monies to the plaintiffs in such second execution; concluding with an averment that no part of the monies directed to be collected on the relator's execution had been paid over to him. By means whereof an action accrued, &c. The defendants pleaded 1. *Non est factum;* 2. That *Lansing*, the deputy, to whom the relator's execution was delivered, *did not make any levy* upon the goods, &c. of Brooks; and 3. That *previous to a sale* of the goods, &c. by Williams, and *before* any money came to the hands of the sheriff, or either of his deputies, as the avails of the sale of the property of Brooks, to wit, on the 13th *January*, 1831, Colvard, on entering on the second year of his term of office, in pursuance of the statute, procured one *J. Hyde* and one *G. Hogan* to become bound with him *in renewal of his sureties*, and that Colvard and his said last mentioned sureties executed the bond required by

NEW YORK, statute to be executed in such cases, and which was duly approved and filed; by means whereof *Hyde* and *Hogan* became the sureties of the sheriff, and this, &c. wherefore, &c. As to the two first pleas, the plaintiffs joined issue; and as to the third, they *demurred.* The defendants joined in demurrer.

May, 1835.

The People
v.
Ten Eyck.

*S. Stevens*, for the plaintiffs.

*A. Taber*, for the defendants.

*By the Court*, SUTHERLAND, J. The plea demurred to is founded on the assumption, that the breach assigned in the declaration is the selling of Brooks' property on the second execution, and paying the proceeds thereof over to the plaintiffs therein; both of which acts took place subsequently to the renewal of the sheriff's security, on the 13th of January, 1831, whereby the present defendants ceased to be responsible for the future acts or omissions of the sheriff. It is expressly enacted, in the revised statutes, that the sureties in any official bond shall be exonerated from all liability by reason thereof, for all acts or omissions of their principal, *after* he shall have duly renewed his official bond according to law. 2 *R. S.* 120, § 30. This would probably be the case independently of any statutory provision. If the defendants are right, therefore, in their construction of the breach, their plea is a perfect answer to it. But it appears to me that the gist of the breach is the neglect of the deputy, *Lansing*, to advertise and sell the property of Brooks, upon which he had levied by virtue of the relator's execution. Not having been advertised or sold under that execution, the sheriff had no right to apply the proceeds of the sale to its satisfaction. He was guilty of no breach of duty, therefore, in applying it upon the second execution; nor was there any violation of duty in selling the property upon that execution, if he intended to abandon all further proceedings upon the first. The original fault, and the foundation and sole ground of the relator's complaint, was the neglect of the sheriff to advertise and sell upon his execution. If his execution was not to be enforced against the property, it was a matter of indifference to him what became of it. The rela-

tor's execution was delivered to the sheriff or his deputy on the 25th of October, 1830, and returnable the 3d day of January ensuing. It was *actually levied* on the 10th of November. It was the duty of the sheriff to have executed the writ according to the command thereof, and to have made return of his proceedings thereon, 2 *Cowen*, 189, *per Savage*, *Ch. J.*; that is, he should have advertised and sold, and brought the money into court by the return day of the execution, and for his omission to do so, he was immediately liable to an action, 2 *R. S.* 440, § 77; and whenever a sheriff shall have been guilty of *any default or misconduct* in his office, the party injured thereby may apply for leave to prosecute the official bond of such sheriff. 2 *R. S.* 476, § 1. The condition of the defendants' bond was therefore broken, and a right of action existed against them before the 13th January, 1831, when they were superseded by the giving of a new bond. *The People* v. *Bush*, 7 *Wendell*, 456. All that is said in the declaration about the subsequent sale of the property upon another execution, &c. might be struck out without in any manner affecting the plaintiffs' cause of action. The breach is perfect without it. It was probably inserted for the purpose of completing the history of the transaction, and showing not only that the sheriff had neglected to sell and apply the proceeds upon the relator's execution, according to the command of the court, but that he had put it out of his power now to do it, by having sold the same property, and applied it upon another execution. The breach would have been more formal and technical, if all this had been omitted; but it is surplusage merely, and does not vitiate the pleading on general demurrer. The real breach is sufficiently apparent, and is well assigned. The plea is therefore bad.

The declaration is informal, in stating the omission to advertise and sell, &c. as the act *of the deputy sheriff*. It should have alleged the delivery of the execution to the *sheriff*, and his omission to advertise and sell, and proof of the delivery to to his deputy, &c. would have supported the allegation; but this is a defect in form only, of which the defendants cannot avail themselves upon a demurrer to their own pleading. The sheriff is unquestionably liable for the *official default and mis-*

*conduct* of his deputies.    They are his defaults, and covered by his official bond.    In many of his counties, a large portion of the sheriff's duties are discharged by deputies ; but neither his responsibility, nor that of his sureties, is thereby diminished.

I am inclined to think that the  principle, that a  defendant cannot plead and demur to the same part of a declaration, is not applicable to this case.  The plea of *non est factum,* which is the general issue in this case, simply denies the execution of the bond ; it is no answer to the breach.  In *Rickert* v. *Snyder* 5 *Wendell,* 104, distinct breaches was assigned in each of the three counts.  The defendant pleaded *non est factum* to each separate count, and subjoined to it a notice of special matter in answer to each breach, and the court said that the pleas and notice were equivalent *to a special plea to each breach;* and having answered the whole declaration by his pleas, the defendant could not demur to one of the breaches.  But in this case there is no notice accompanying the plea of *non est factum.*   The defendants might, I think, have demurred to the breach in connection with that plea, without violating the rule of pleading which we are now considering ; and upon a demurrer to their special plea to  the breach, they might  have availed themselves of  any *substantial* defect in  the assignment of the breach itself, had any existed.

Judgment for plaintiffs.