## Lydia Pullen *v.* The People.

The return of a court of special sessions to a *certiorari*, stated that on complaint for larceny, L. P. and one R. C. were jointly arrested and jointly examined, and that a separate trial was granted to L. P. on request of her counsel, merely, *Held* equivalent to a statement that they were jointly charged in the same complaint with the commission of the same offence.

Where two persons are jointly charged in the same complaint with the commission of the same offence, and neither of them has been either acquitted or convicted, the husband of one is not a competent witness for the other, who, by leave of the court, is tried separately.

In error on *certiorari* from three justices of the peace for the county of Wayne, composing a court of special sessions. The return to the *certiorari* shows that on complaint made pursuant to the statute, (S. L. 1840, p. 66, '7,) charging Lydia Pullen, the plaintiff in error, and one Roxy Calkins with larceny, they were jointly arrested, and jointly examined ; that a separate trial was granted to the plaintiff in error on request of her counsel, merely, and that she was tried by a jury before said court May 24, 1841. On the trial, Warner Calkins was offered as a witness for the plaintiff in error, and rejected by the court as incompetent, because he was the husband of Roxy Calkins, who was arrested and examined jointly with the plaintiff in error.

*A. & H. H. Emmons,* for the plaintiff in error.

*J. A. Van Dyke,* for the People.

Felch, J. The only question presented by this case is, whether Warner Calkins was properly rejected by the court as an incompetent witness for the plaintiff in error.

It is contended by the counsel for the plaintiff in error,

that the return does not show that the plaintiff and Roxy Calkins were, in fact, charged jointly with committing the offence.

By the provisions of the statute organizing courts of special sessions, (S. L. 1840, p. 67, sec. 3,) the warrant, by virtue of which the defendant is arrested, is required to recite the accusation charged in the complaint; and, by sec. 11, it is provided that, when the defendant is brought before the court of special sessions, the *charge* as stated in the warrant of arrest or commitment shall be distinctly read to him, and he is required to plead thereto. This charge is the same as an indictment in a court of record, and must be against all who are mentioned in the warrant of arrest. The statement in the return, that the two were jointly arrested and jointly examined and that a separate trial was granted to the plaintiff in error, must be considered the same as a statement that they were jointly charged in the same complaint, with the commission of the same offence, and is the same in effect as a charge against two in an indictment.

It appears to be a well settled rule of evidence that a party in the same indictment is not a competent witness for his co-defendant, until he has been first either acquitted or convicted; and whether the defendants be tried jointly or separately does not vary the rule. *People* v. *Bill,* 10 John. R. 95; *The State* v. *Mooney et al.* 1 Yerg. Tenn. R. 431; 1 Ph. Ev. 62; *Commonwealth* v. *Marsh & Barton,* 10 Pick. R. 57.

The rule of law seems to be almost universal, that, where either husband or wife is incompetent, whether in a civil or a criminal case, the other is incompetent also. 2 Stark. Ev. 707. This incompetency is founded in part on the identity of their legal rights and interests, and in part on principles of public policy, which protect domestic quiet and harmony, and forbid the manufacture of evidence to secure

an object in which both are interested.   In the *Common-wealth* v. *Marsh et al.*, cited above, *Wilde*, J. states as a reason why one of two co-defendants jointly indicted for altering a forged note, and whose trial had been postponed, was an incompetent witness for the other, that " if parties charged with an offence were permitted to testify for each other, they might escape punishment by perjury."  By obtaining separate trials each " defendant in his turn might be admitted to testify, and thus they would be allowed mutually to protect each other and to evade the ends of justice."   If the interest of a co-defendant in the investigation of a crime in which he is charged to have participated is such as to render him incompetent, surely his wife, or, if the wife be indicted, her husband, would be incompetent for the same reason.

But we are not without authorities on the question presented by this case.   In the *Commonwealth* v. *Easland et al.* 1 Mass. R. 15, five persons were indicted for assault and battery, and were on trial together.   The wife of one of the defendants was offered as a witness in behalf of the other four.   The court ruled unanimously that she could not be examined, and remarked that, if the other defendants wished for the benefit of her testimony, they should have moved to be tried separately from her husband. This remark was a mere *dictum*, the question of the competency of the wife on their separate trial not being before the court.   This case is cited in 1 Cow. and Hill's notes to Ph. Ev. 148, where the authors not only question the authority of this *dictum*, but cite the case of the *People* v. *Bill*, 10 John. R. 95, as establishing the doctrine that one defendant was not a competent witness for his co-defendants where they severed ; from which they deem it a necessary inference that the wife of such defendant would also be incompetent.   In the *People* v. *John Colburn and Elizabeth Weir*, 1 Wheeler's Cr. Ca. 497, the defendants

were jointly charged in an indictment with forging a check on the North River Bank.  Colburn only was put upon his trial; and Edward Weir, the husband of Elizabeth Weir, was called as a witness.  The court rejected the testimony, and decided that, to render the witness competent, his wife, Elizabeth Weir, must first have been tried and acquitted by the jury.

In South Carolina a different rule appears to have been adopted.  *State* v. *Anthony*, 1 McCord's R. 285.

*Judgment below affirmed.*