The Governor, use, &c. v. Robbins, et al.

---

## THE GOVERNOR, USE &c. v. ROBBINS, ET AL.

1. Where a sheriff collects money on a *fieri facias*, and renews his bond before it was demanded of him, or he converts the same, the sureties in the latter bond may be charged with his default in failing to pay over the money, if the evidence shows its conversion after their bond was received, and before they were discharged from the suretyship.

Writ of error to the Circuit Court of Coosa.

THIS was an action of debt at the suit of the plaintiff in error against the defendants, as the sureties of James C. M. Logan, deceased, in his official bond as sheriff of Coosa.— Among other breaches, it is alledged in the declaration, that the principal in the bond while sheriff, collected money on

*fieri facias*, at the suit of the real plaintiff, which he had failed and refused to pay over. The cause was tried by a jury on issue joined, but in what form, the record does not inform us. From a bill of exceptions sealed at the instance of the plaintiff, it appears to have been shown, that the sheriff received the money on the *fieri facias*, but previous to the time when the defendants executed the bond now in suit. The demand was not however made upon the sheriff until after the defendant's suretyship commenced.

The Court charged the jury, that if they believed from the evidence, the money received by the sheriff on the *fieri facias* and demanded by the plaintiff, was received before the execution of the bond declared on, then the plaintiff could not recover. A verdict was returned for the defendants and a judgment rendered accordingly.

Morris, for the plaintiff in error, insisted that the bond (as indicated upon its face) was the renewal of one of a previous date. That when a sheriff collected money in virtue of his office, he is presumed to hold it in his hands ready to pay over, until a refusal or conversion is proved. Here the intendment from the evidence, is, that no breach had been committed, until after the defendant's suretyship commenced; and they are chargeable. [Townsend & Gordon v. Everett et al. 4 Ala. Rep. 607.] The mere collection of money does not subject a sheriff to a suit for its recovery; a conversion in fact, or a demand and refusal, are essential to invest the party entitled, with the right of action.

N. Harris and White, for the defendant.

COLLIER, C. J.—All persons elected or appointed to the office of sheriff are required to execute bond with good and sufficient sureties for the performance of their official duties; and these bonds shall be renewed annually if required by the Judge of the County Court. [Clay's Dig. 535, § 4.] By the act of 1822, it is made the duty of the Judge of the County Court, upon application by either of the sureties of any sheriff to require a new bond, with a similar condition to that first given. Upon the execution of such new bond, it is declared, that the surety or sureties making application shall be discharg-

ed from the obligation of the bond previously entered into by them: *Provided*, that such sureties shall not be discharged from any liability previously 'incurred. [Clay's Dig. 534, § 13, 14.] It is sufficiently shown that the bond on which the action in the present case is brought, was but the renewal of one of an older date, and the question is, which set of the sureties are liable for the default proved. Is it those who were bound for the official acts of the sheriff at the time the money was collected by him, or those who were his sureties when the liability was fixed by a demand and failure to pay.

The act of 1836 gives the remedy by notice and motion against a sheriff and his sureties, whenever the former " shall fail or refuse to pay over any money received by him upon any execution, on the application of the plaintiff or plaintiffs, his, her, or their attorney or agent." [Clay's Dig. 218, § 83.] When the remedy provided for by this statute is pursued, it has been repeatedly held, that a demand must precede its institution. So it has been considered that when an action on the bond, as in this case, has been adopted, the failure to pay, after application duly made to the sheriff, is equally essential to the maintenance of the suit. [McBroom v. Governor, 6 Porter's Rep. 32.] This being the case, it is clear that it is not the mere collection of money upon an execution that gives a right of action, but it is necessary that it should be demanded by the plaintiff, or some one authorized to receive it. True, if it could be shown that the sheriff had appropriated it to his own use, or otherwise converted it, this would be sufficient to dispense with a demand, by proving it to be unnecessary. In fact it would be equivalent to, and a substitute for it.

The undertaking of the sureties, as expressed in the condition of the bond, is sufficiently broad, to show that the jury would have been warranted by the proof in finding a verdict for the defendants. It provides, that if their principal " shall well and truly perform all and singular, the duties of sheriff, as enjoined on him by the laws of this State, and pay over all moneys collected by him by virtue of his office, as required of him by law, then this obligation to be void, &c."

It has been held, that if an execution remain in a sheriff's.

hands when his term of office expires, on his reappointment it is his duty to execute it; and his neglect is a breach of his new bond. [State v. Roberts, 7 Hals. Rep. 114.] So his sureties are liable for money received by him on execution after the *bond* is given, though the execution was received by him before that time. [People v. King, 15, Wend. Rep. 623.] And it has been decided that they who were the sureties of the sheriff at the time the liability accrued for money collected, are properly answerable for his default. [People v. Ten Eyck. 13 Wend. Rep. 448; Fitts v. Hawkins, 2 Hawk. Rep. 394.] In South Carolina it has been determined that the additional sureties of a sheriff are liable as well for money collected by him before they executed the bond as afterwards; unless, perhaps, the sheriff and his original sureties were sued to insolvency before the additional bond was executed.— [Treasurers v. Taylor, 2 Bailey Rep. 524.] And in Ohio it has been held, that when a sheriff gives an additional bond, both sets of sureties are liable for his misconduct. [State v. Crook, 7 Ham. Rep. (2d part,) 221. See also The People v. Brush, 6 Wend. Rep. 454; Bartlett v. The Governor, 2 Bibb's Rep. 586.]

In Townsend and Gordon v. Everett, use, &c., 4 Ala. Rep. 607, which was an action by the Judge of the County Court, for the use of the County Treasurer against the predecessor of the latter and his surety in the official bond. The question was, whether the surety of the debt was liable for moneys received by his principal under a previous appointment and while other persons were his sureties. The Court were of opinion that it was not the *receipt* of money by the Treasurer which rendered his surety liable, but the failure to disburse it according to law; that the failure to settle his accounts annually, until after the second bond was executed, was not conclusive to show a misapplication of the moneys previously received.

All reasonable presumptions favorable to a performance of official duty are indulged, and it cannot be inferred from the mere receipt of money on an execution by a sheriff, that he has converted it. If it had been shown previous to the execution of the bond in suit, that the principal of the defendants had appropriated the amount collected by him, then the first

set of sureties only would have been liable. But the proof does not show such to be the predicament of this case; the liability to an action does not appear to have been fixed until after the renewed bond was prosecuted. This being the case, it follows from what has been said, that the Court erred in its charge to the jury; the judgment is consequently reversed and the cause remanded.