## James Fraser and Others v. William L. P. Little and Others.

*Replevin bond — amount recoverable in suit on.* — In an action against the sureties in a replevin bond, no judgment can be recovered for an amount exceeding the penalty of the bond and costs of suit.

*Heard April 8 and 11.    Decided April 26.*

Error to Saginaw Circuit.

The case was an action of debt on a replevin bond; was tried by the Circuit Judge, without a jury, and judgment rendered for the plaintiffs, (defendants in error.)

*Backus & Harbaugh,* for plaintiffs in error:

The Court erred in rendering judgment in favor of

the defendants in error for a sum greater than the penalty of the bond set forth in the declaration.

Sec. 5014, Comp. L., prescribes the duty of sheriffs in actions of replevin, the amount of penalty, and condition of bond.

Secs. 5043 and 5044 direct when suit on bond may be brought, and the proceedings therein. — *Williams v. Vail*, 9 *Mich.*, 162.

The rule seems to be well settled, that against a surety in debt on bond nothing can be recovered beyond the penalty. — *Sedgwick on Damages*, 451 *and note*, 452, 453.

The sureties in a replevin bond are, together, liable only to the amount of the penalty in the bond, and the costs of suit on bond. — 1 *Taunt.*, 218.

On a penal bond, a judgment cannot be recovered beyond the penalty. — 2 *McLean's R.*, 581, 587.

The same principle was recognized in the following cases: *McClure v. Dunkin*, 1 *East.*, 436; *Wilde v. Clarkson*, 6 *Term R.*, 303; *Hefford v. Alger*, 1 *Taunt.*, 218; 2 *Wash. R.*, 143; 3 *Cow.*, 151; 5 *Cow.*, 424; 2 *Wash., C. C. R.*, 323; 5 *Peters' R.*, 385.

In the case 5 *Peters*, the Court lays down in express terms that the judgment against the surety cannot exceed the penalty. And this equally excludes damages beyond the penalty, for interest, or on any other ground.

*Wm. L. Webber*, for defendants in error:

The only error assigned is, that the Court erred in giving judgment for a sum greater than the penalty of the bond. In this there is no error.

The true rule in such a case is the one adopted by the Court.

When the judgment was rendered in the replevin suit, July 5th, 1860, the liability of the plaintiffs in error was fixed, and they could then have discharged

themselves. If they neglected to pay the money when due, the party entitled to the · money surely may have, as damages, interest on the penalty from the time it became due.

In support of ˙the judgment,˜ and the ruling of the Court below, we cite—*Brainard v. Jones*, 18 *N. Y.*, 35; *Carter v. Thorn*, 18 *B. Mon.*, 613; *Hughes v. Wickliffe*, 11 *B. Mon.*, 205; *Walcott v. Harris*, 1 *R. I.*, 404; *Harris v. Clap*, 1. *Mass.*, 308; *Judge of Probate v. Heydock*, 8 *N. H.*, 493; *Smedes v. Hooghtaling*, 3 *Caines R.*, 48; *Mower v. Kip*, 6 *Paige*, 91; *United States v. Arnold*, 1 *Gallison*, 348.

The American authorities are nearly uniform on this, subject. The English cases are conflicting. — *Lonsdale v. Church*, 2 *T. R.*, 388; *Francis v. Wilson, Ry. and M.*, ·105; *Wilde v. Clarkson*, 6 *T. R.*, 303; *Branscombe v. Scarbrough*, 6 *Q. B.*, 13.

MARTIN Ch. J.:

This action is for the recovery of the penalty of a bond executed by Fraser and Raymond, in the penalty of $800, conditioned that one Robertson should prosecute. to effect an action of replevin then commenced by him against the defendants in error—Little, Hess and Boutell. It appears that Robertson was defeated in his action, and judgment rendered against him for the value of the prop-. erty replevied by him—viz., for $1,753 $\frac{73}{100}$. I do not learn from the bill of exceptions that any execution was. issued upon such judgment, and returned as unsatisfied wholly or in part, nor that any effort was made to collect from ˙Robertson the amount of such verdict. In this action, the Court rendered judgment against Fraser and Raymond for the penal sum of the bond, · with interest, (called damages for the ˜detention of the sum of $800,) from the rendition of the judgment in the action of replevin, amounting in all to the sum of

$1,010 $\frac{31}{100}$. The error assigned is, that the Court rendered judgment for an amount exceeding the penal sum mentioned in the bond. I think this error is well assigned. The obligation of the plaintiffs in error arose upon no consideration received by them, or benefit which could accrue to them. It was purely voluntary, to satisfy the statute, and enable Robertson to prosecute his action of replevin. The statute requires such bond to be in a sum at least double the appraised value of the property replevied. This statute, I think, fixes the limit of the sureties' liability, so that, in executing a bond as surety, we must understand that he intends, and only undertakes to become liable to the extent of the penal sum mentioned, and no further, and that the statute requires nothing more from him. Although there are conflicting authorities upon this question, yet it seems to me that upon no principle of equity or justice can a surety upon such a bond, given under such circumstances and statutory requirements as the bond in this case was executed, and without any consideration received for it, or resulting benefit to spring from it, be held beyond the sum "nominated," and cast in damages, for no default of his own. The remedy of Little and others for any excess of damages over the $800 is exclusively against the plaintiff in the action against them. Fraser and Raymond risked $800, and no more, and there could be no default upon their part by reason of the failure of the plaintiff in the replevin suit, or otherwise, which could increase the penal sum of the bond, or impose upon them a greater liability than the one assumed. The statute, as above remarked, having required the bond to be at least in double the appraised value of the property replevied, they had a right to suppose, and it would be a reasonable and natural presumption that the penal sum fixed in the bond would, and should, cover all exigencies, so far as affected their liability.

FRASER v. LITTLE.

· I think the judgment should have been for the sum of $800 only, and that the judgment of the Circuit Court should be reversed, and a new trial ordered.

CAMPBELL J.:

The only question in this case is, whether judgment can be given on a replevin bond for more than the penalty and costs. The action was an action of debt on a bond in the penalty of $800, and judgment was rendered for an additional sum of $210 $\frac{31}{100}$, by way of damages for its detention, in addition to costs of suit.

I think there is no foundation for any such judgment. Where a bond, or specialty, is given in the amount actually due, and not in a penalty, there is no reason and no rule which will prevent a recovery of interest on the actual debt, for which the bond is only an evidence under seal. But where an undertaking or condition is secured by a penal bond, which is not supposed to represent the actual debt by its penalty, such penalty never became the actual debt, except by way of forfeiture, and upon such a forfeiture interest was never allowed to run by the common law, or by statute. And the cases cited, on the argument, from Massachusetts and Kentucky, which assume that interest runs merely from the fact that the penalty became the debt upon forfeiture, are entirely unsupported, and would probably never have been made, had not the actual debt in these cases equalled or exceeded the penal sum. As authorities, they are based upon a false assumption, and cannot be maintained on any such principle. In England, the rule of liability upon bonds in a penalty, has been almost entirely uniform, and the only cases extending it beyond the penalty and costs have been overruled and disregarded. The cases are collected in *Hurlestone on Bonds*, 107, 108, and the rule is there laid down in conformity with the prevailing authorities. The decisions

supposed to favor another doctrine, as applicable to suits brought directly upon bonds, are *Francis v. Wilson*, *Ry. and Moo.*, 105, and *Lonsdale v. Church*, 2 *T. R.*, 388. In the former case, the bond was not, in any proper sense, a penal bond, as the penalty was in the exact amount of the debt mentioned in the condition, which was made expressly to carry interest. It was apparent that the sum mentioned could not be legally treated as a penalty, and the Court properly enforced it as a simple money bond or specialty. *Lonsdale v. Church* is more directly in point, as the Court refused to allow a defendant, on paying into Court the penalty and costs, to obtain a discharge, and Buller J. denied that the penalty of a bond limited the recovery. But this Judge seems to stand alone in maintaining the doctrine. Very shortly before, in *White v. Sealy*, 1 *Doug.*, 49, he had, on the hearing of a similar application, expressed a similar opinion, but he finally concurred with his brethren in holding that he had been mistaken. In *Knight v. McLean*, 3 *Brown's Ch.*, 496, sitting in an equity cause, he allowed interest beyond the penalty of a bond, but was overruled by Lord *Thurlow*, who held that there could be no such allowance, and that the rule was the same in equity as at law. In *Wilde v. Clarkson*, 6 *T. R.*, 303, the doctrine of *Lonsdale v. Church* was expressly repudiated and overruled. In *Hefford v. Alger*, 1 *Taunt.*, 218, the former cases were referred to, and Lord *Thurlow's* opinion approved; and in *Branscombe v. Scarbrough*, 6 *Q. B.*, 13, where an action was brought on a replevin bond, which was very much too small to secure the judgment, the Court said that granting a rule to show cause why an allowance should not be made - beyond the penalty and costs, would be creating a doubt where no doubt existed. It cannot be said that, under the English common law decisions, there is any room for controversy on the subject. It is only

where a suit is brought on some judgment already rendered on a bond, as in *Blackmore v. Flemyng*, 7 *T. R.*, 442, and *McClure v. Dunkin*, 1 *E.*, 436, or where an action is brought upon some distinct covenant in a bond, or other obligation, that the penalty becomes unimportant; but even in such cases, the penalty is not made the debt on which interest runs. The right to a decree in equity, beyond the penalty of a bond, is denied as clearly and consistently as at law. Where a debt is secured as such by other securities besides a bond, the fact that a bond has been taken will not usually affect the remedy on the other obligations. But there is no authority for allowing any recovery or account beyond the penalty, when the bond becomes material. The only cases where a different result has been reached are where the bond debtor has resorted to equity to obtain relief from legal proceedings; and then it has been held that, as he who seeks equity must do equity, he might be compelled, after submitting his case to the jurisdiction of equity, to do what was just under the circumstances, and not to reap advantage from a delay which he has compelled his adversary to undergo. These rules, and this class of exceptions, will be found well settled by the decisions: *Mackworth v. Thomas*, 5 *Ves.*, 329; *Teu v. Winterton*, 3 *Brown Ch.*. 489; *Knight v. McLean*, 3 *Brown Ch.*, 496; *Hughes v. Wynne*, 1 *M. & K.*, 20; *Clarke v. Seton*, 6 *Ves.*, 411; *Clarke v. Lord Abingdon*, 17 *Ves.*, 106; *Pulteney v. Warren*, 6 *Ves.*, 92; *Grant v. Grant*, 3 *Russ.*, 598; *S. C.*, 3 *Sim.*, 341; *Jeudwine v. Agate*, 3 *Sim.*, 129; *Walters v. Meredith*, 3 *Y. & Coll.*, 264. See, also, *Cooper's Cases in Chancery*, (*Practice*,) *p.* 200 *and seq.*

In *Mower v. Kip*, 6 *Paige R.*, 91, the case was the same as in *Clarke v. Lord Abingdon*, and the decree was manifestly correct, because the mortgage was conditioned to secure the debt, and not the penalty. If designed to go further, the case is not sustained by the

13 MICH. — N.

authorities.   But it should be understood with reference
to the facts presented.   In *Farrar v. U. S.*, 5 *Pet. R.*,
372, which was an action on a revenue bond, it was
held that no judgment could be given beyond the pen-
alty, and judgment below was reversed on that ground.
In *U. S. v. Arnold*, 1 *Gal.*, 348, although interest was
awarded on a penalty, yet the question of such allow-
ance was not discussed, and is not mentioned on the
appeal, which was upon an entirely different question —
*Arnold v. U. S.*, 9 *Cr.*, 104.

In New York, in *Clark v. Bush*, 3 *Cow.*, 151, and
*Fairlie v. Lawson*, 5 *Cow. R.*, 424, it was held, after an
elaborate comparison of the cases, that a surety on a
bond could not be held beyond the penalty, whether
the principal could be or not.   Where the bond is joint,
no distinction could be taken between principal and surety,
and the cases generally make no discrimination between
them where they are sued in debt on bond, although
some cases, denying the universal effect of the penalty,
admit it as to sureties.   In *Brainard v. Jones*, 18 *N. Y.*,
35, it was held that, in a case like the present, interest
might be recovered on the penalty.   The reasons for the
decision are not new, nor such as any mind of ordinary
capacity could overlook.   It is in direct conflict with the
mass of decisions, and in conflict with the principle which
underlies them all, that a *penalty* is not to be enlarged
under any circumstances, and will not be enforced beyond
its letter.   With great respect for the author of the de-
cision, I prefer to rest upon the known and settled rules
of the law, which, in all such cases as the present, must
be more in accordance with the understanding of the par-
ties than any other.   When the statute requires a bond
in double the value of property, as fixed by sworn and
disinterested appraisers, it must be presumed that neither
the law nor the sureties could anticipate the necessity of
any larger margin, to meet the possible views of another

body of appraisers in the jury box. I think the settled rule is the just one, and should be adhered to.

I therefore concur in the views of the Chief Justice.

CHRISTIANCY J., *dissenting:*

I am unable to concur in the opinion expressed by my brethren, that the plaintiffs below were not entitled to recover beyond the penalty of the bond in this case.

I admit the general rule that the amount of recovery upon a bond penal in form is limited to the amount of the penalty; but I think the principle upon which the rule rests allows interest to be recovered beyond the penalty, from the time of the breach of the condition. I do not base my opinion upon the ground that the penalty, after the breach of the condition, becomes the debt, (though the results might be the same where the sum due by the condition, at the time of the breach, is the same with, or greater than, the penalty); but since Courts have ceased to enforce the penalty, without reference to the amount due by the condition, the penalty has never, in legal effect, or in any substantial sense, constituted the debt or sum to be recovered. It is so in form only, in consequence of still adhering to the forms in use when Courts actually enforced the payment of the penalty, though it exceeded the sum due by the condition.

But since the sum to be collected has been confined to the amount due by the condition, this is the sum which, in fact, and in legal effect, so far as the rights of the parties are concerned, constitutes the debt, or amount to be recovered, except when that sum would exceed the penalty mentioned in the bond; and then that sum is limited to the extent of the penalty. The penalty, therefore, has long since ceased to have any other effect upon the rights of the parties than as a limitation upon the amount which might otherwise be

recovered upon the condition. It has no longer any of the legal characteristics of a penalty, as no forfeiture, in any substantial or legal sense, takes place upon a breach of the condition. The old names, it is true, are retained, with the old forms of pleading; but the penalty has become a mere limitation, and the forfeiture but an ordinary breach of contract.

The legal effect of the bond in the present case, so far as relates to the sum to be recovered, is simply that of a contract under seal, without a penalty by which the obligors become responsible for, and agree to pay any amount not exceeding $800, of "all such sums of money as may be recovered by such defendants against them in the said actions."

And when the judgment in the replevin suit had fixed the amount to be recovered of the defendants in that suit at a sum exceeding the $800 — the penalty of the bond — their liability became fixed at that amount; and from the moment it became the duty of the obligors to pay this amount, their liability was, to all substantial purposes, the same as upon a direct and unconditional contract to pay the $800 at that time. And they stand in the same position as other debtors upon ordinary contracts, whose obligation is to pay the sum when due; and if they fail to do so, I can discover no substantial or just principle upon which interest can be refused, more than in any other case where money has not been paid when the creditor has become entitled to it. This interest the law gives in no case as a part of the money due by the terms of the contract, but by way of damages for its breach — for the delay in payment; because, if paid when due, it would have earned interest.

I am well aware of the conflict in the authorities upon this question, having carefully examined every case cited by my brethren, and in the briefs of counsel, with many others. Most of the cases which have denied the

right to recover beyond the penalty, are cases which did not involve this question of interest. I think the weight of American authority is in favor of the allowance. But, however this may be, the rule which allows such interest beyond the penalty, after breach, is the only one to be ·deduced from all the authorities, English and American, which rest upon any sound and intelligible principle, and not upon mere forms without substance, or words which have lost their essential meaning.

I am unable to appreciate the suggestion of the Chief ·Justice, that there is, in the case of a replevin bond, any want or deficiency of a valuable consideration for the undertaking of the sureties, and that, for this reason, their liability ought to be looked upon as more restricted than in cases where a pecuniary consideration has been received by the obligors. If any difference could be recognized, the case would, I think, be stronger for giving liberal ·damages in the case of a bond, like the present. The obligees did not take this bond of their own volition. They had no voice in determining the amount of the penalty. Their property was taken from them before a trial of their right; and the law gave them this security only in the place of it. The property could not have been thus taken but for the sureties. The penalty ·turns out to be much less than their actual damages, as judicially ascertained. The law has made a bad bargain for the obligees, and ought not to deny them interest upon an amount equal to the penalty, from the time they became entitled to it.