PADGETT *v.* DUCKTOWN, ETC., ·IRON CO.

(*Knoxville.* November 14, 1896.)

1. PLEADING AND PRACTICE. *Motion to quash writ proper.*

A motion to quash, not a plea, is the proper method to raise the question of legality of service of process when all the facts appear upon the face of the papers. (*Post, pp. 691, 692.*)

Cases cited and approved: Willey *v.* Roirden, 2 Bax., 228; Armstrong *v.* Harrison, 1 Head, 382.

2. PROCESS. *Issued more and served less than five days before return term.*

Process from the Circuit Court issued more than five days before the term of Court to which it is made returnable and at which it commands the defendant to appear, but served within five days of the commencement of that term, brings the defendant into Court and compels him to appear, not according to the command of the writ, but at the term next succeeding the return term of the writ. (*Post, pp. 693, 696.*)

Code construed: § 4536 (S.); § 3535 (M. & V.); § 2830 (T. & S.).

3. CODE. *Construction of.*

While the Court will presume, in doubtful cases, that it was not the intention of the compilers of the Code to change, but only to revise or compile the old statutes, still, where the meaning of the Code is clear, by reason of its express terms, or as a matter of necessary implication, its provisions are the law of the State, without regard to the old statutes, which may have been the basis of its provisions, and which it, in express terms, repeals. (*Post, pp. 694, 695.*)

Code construed: § 58 (S.); § 42 (M. & V.); § 41 (T. & S.).

Cases cited and approved: Bates *v.* Sullivan, 3 Head, 633; Tennessee Hospital *v.* Fuqua, 1 Lea, 611.

---

FROM POLK.

---

Appeal in error from Circuit Court of Polk County. J. G. PARKS, J.

RAMSEY & MONTGOMERY for Padgett.

G. G. HAYATT and J. E. MAYFIELD for Ducktown, etc., Iron Co.

BEARD, J. This cause was regularly instituted in the Circuit Court of Polk County by the issuance of a summons, more than five days before the beginning of, and returnable to, the next term of that Court. The Sheriff into whose hands it came, executed it according to its tenor—that is, by summoning the defendant to appear at the term to which the writ was made returnable—but this service was made within five days preceding the beginning of that term. At this return term no steps were taken in the case. At the term next succeeding the one to which the defendant had been notified to appear, on motion of the defendant corporation, the Court quashed the writ and dismissed the suit. The ground for this action is stated in the order of the Court disposing of the writ and suit, in these

words: "It appearing from the inspection of the writ itself that it was served within five days before the last term, and it further appearing from the officer's return thereon that the same was served by reading the writ to defendant's superintendent, and it appearing that the command in the face of the writ was to summon the defendant to appear at the last term, and there being nothing in the officer's return to show that he did his duty as the law directs under such circumstances—viz., to disregard the face of the writ and summon the defendant to appear at the next succeeding term—but the Court being satisfied from the return that the officer summoned the defendant to appear at the last term instead of the present term, and it further appearing that, at the last term, the plaintiff took no steps to prosecute his suit or to keep it alive, the Court is of opinion, and so holds, that the defendant is not legally before the Court, and cannot be required to answer the plaintiff's suit," and the same was accordingly dismissed. The plaintiff appealed and assigns this action of the trial Judge as error.

We agree with the Circuit Judge, as all the facts appeared upon the face of the papers, that a motion was proper to raise the question of the legality of the service of process in this case. A plea is only essential where the face of the record does not disclose the facts relied upon as matters of abatement.    2 Bax., 228;  1 Head, 382.

But, the facts being conceded as found by the trial Judge, did they warrant his action in the premises? We think not. The first Act regulating the issuance and service of process in this State is found in Sec. 10, Ch. 1, of the Acts of 1794, and is in these words: *"Be it enacted,* That all writs and other process (except subpœnas for witnesses shall be returnable immediately) shall be returned the first day of the term to which the same shall be returnable, and shall be executed at least ten days before the beginning of such term. And if any original or mense process shall be taken out within ten days before the beginning of any term, such process shall be made returnable to the term next succeeding that which shall commence within ten days after taking out such process, and not otherwise; and all process made returnable at any other time, or executed at any other time, or in any other manner than by this Act directed, shall be adjudged void upon plea of the defendant."

This section was subsequently amended by the following Act, entitled "An Act to amend an Act passed in 1794, and a part of the tenth section:"

"Sec. 1. That hereafter all writs and other process, except subpœnas *instanter,* sent out and made returnable to any of the Circuit Courts of this State, shall, and may be, executed five days previous to the commencement or sitting of the Court to which the same may be made returnable.

"Sec. 2. That so much of said Act as requires

process to be executed ten days previous to the term to which the same may be made returnable, is, and the same is hereby, repealed." See Acts 1837–38, Ch. 131, Secs. 1 and 2, p. 196.

Subsequently the Legislature passed an Act amending these two Acts, entitled "An Act to amend the Act of 1794, Ch. 1, and the Act of 1837–38, Ch. 131," providing that all original or mesne process in civil suits issuing from the Circuit Courts, shall and may be issued five days before the commencement of the term to which such process is made returnable, and shall be executed in the manner and time as by law now directed. See Acts 1841, Ch. 10, p. 6.

Thus the law on this subject stood until the Code of 1858, when its makers, in bringing forward these old statutes, made a radical change in them, and embodied it in § 2830 of that compilation, corresponding with § 3535 of (M. & V.) Code. That section, which is the present law in this regard, is as follows: "All civil process in Courts of Law or Equity, except in cases otherwise provided in this Code, shall be returnable to the first day of the term next ensuing their issuance, if issued and served five days before such term. If issued or served within the five days, they shall be returnable to the first day of the succeeding term."

It will thus be seen that the compilers of the Code saw proper to omit from this section the only part of the original and amendatory Acts on which the action of the trial Judge in this case can be

rested.    While it is true that the compilers of the
Code were directed by the Act of the Legislature
under which they were appointed "to revise and di-
gest" the existing statutes, and that accordingly this
Court has a general rule, in the construction of its
provisions, "that in doubtful cases it will be pre-
sumed that it was not intended to change, but only to
revise or compile the old statutes" (*Bates* v. *Sullivan*,
3 Head, 633; *Tennessee Hospital* v. *Fuqua*, 1 Lea,
611), this rule, however, is necessarily confined to
cases of doubt.    Where the Code is clear, by reason
of its express terms or as a matter of necessary im-
plication, its provisions are the law of the State,
without regard to the old statutes, which may have
been the basis of the provisions in question.    This
is made imperative by § 42 of the (M. & V.) Code,
which is as follows:  "All public and general Acts
passed prior to the present session of the General
Assembly, and all public and special Acts the sub-
jects whereof are revised in this Code,  .  .  .  are
hereby repealed."    While it is true "that the omis-
sion of a clause in the reduction of a statute into
compilations might be inadvertent, and no great stress
could be laid on the fact," yet it is inconceivable to
us that the omission in question was accidental.    On
the contrary, we think the compilers, as a matter
of wise policy, rejected so much of the old Act as
avoided process issued or executed within the time
limited by them, and embodied the whole law on
the subject as found in § 2830 of the old Code.

We are satisfied that a sound construction of that section saves the writ and its service in the present case, and this is that, where process is issued within five days before the term immediately following, the duty of the clerk is to make it returnable to the first day of the second succeeding term, and that when it has been issued more than five days before the next term, and is served by the officer within the five days, it is a legal service on the defendant, and it is incumbent on him to appear at the second ensuing term, although that be a different term from that to which the writ on its face is returnable.

And we regard it as immaterial that the officer, in serving the process, read it to the defendant, and that, by its literal terms, it required him to appear to a term beginning less than five days from the date of the service. While the Sheriff should return the writ to the next term, yet, the defendant is not bound to appear until the following term; but then he must appear, under the penalty of having a default taken against him.

It follows that the Circuit Judge was in error in sustaining the motion to dismiss, and the case is remanded for further proceedings.