Lunsford v. Johnston.

JAMES A. LUNSFORD *v.* ANDY JOHNSTON *et al.*

(*Knoxville.* September Term, 1915.)

PRISONS. Liability of superintendent. Torts of assistant.

The superintendent of a county workhouse, under Priv. Acts 1913, ch. 264, creating the office of road commissioners, and providing that one of them should be superintendent of the workhouse and employ its guards with the approval of his associates, was acting in an official or governmental capacity in employing a guard, and, where he was not present when the guard, whom he had told not to shoot any prisoner, shot and wounded a prisoner, attempting to escape, he was not liable in damages.

Acts cited and construed: Acts 1913, ch. 264.

Cases cited and approved: Casey v. Scott, 82 Ark., 362; Robertson v. Sichel, 127 U. S., 507; McKanna v. Kimball et al., 145 Mass., 555; Sawyer v. Corse, 17 Grat. (Va.), 230; Walsh v. Trustees N. Y. & Brooklyn Bridge, 96 N. Y., 427; Bowden v. Derby, 97 Me., 536.

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—VON A. HUFFAKER, Judge.

CHARLES M. ROBERTS and W. B. FORD, for plaintiff.

MAYNARD & LEE and JOHNSON & COX, for defendants.

MR. JUSTICE FANCHER delivered the opinion of the Court.

This suit was brought by James A. Lunsford, as next friend for M. E. Lunsford, a minor, against Andy Johnston, superintendent of the workhouse for Knox county, Tennessee, Sam Hall, a guard, and others, to recover damages for personal injuries inflicted upon M. E. Lunsford, a prisoner at the workhouse, caused by the said Sam Hall shooting him while attempting to make his escape. Judgment was rendered against Sam Hall, but the suit was dismissed as to Andy Johnston and the surety company on his bond. The case was determined by the court of civil appeals upon an appeal to that court, where the judgment of the lower court was affirmed.

The case is before this court upon *certiorari.* The only error assigned is, in substance, that there is no evidence to support the judgment of the court.

The position of the plaintiff is that Andy Johnston, as superintendent of the workhouse, was not performing a governmental duty in the employment of Sam Hall as a guard, and that the relation of master and servant existed between them, and that therefore Johnston and his official bondsmen are liable in damages to M. E. Lunsford, because the law knows only the superior officer in such cases.

The proof shows that M. E. Lunsford was serving a workhouse sentence for a misdemeanor, and that he was shot by one Sam Hall, a guard at the Knox

county workhouse, on June 19, 1914, while attempting to make his escape. Andy Johnston was superintendent of the workhouse, and also a member of the Knox county road commission. These road commissioners consisted of three members, Andy Johnston being superintendent, as stated. The act of the legislature creating the office of these commissioners, being chapter 264, Private Acts of 1913, provided that one of the commissioners should be known as the superintendent of the county workhouse, and that the guards for such workhouse should be employed by said superintendent, with the advice and approval of his associates.

The proof shows that Johnston was not present when the shooting was done, and that he knew nothing about it until afterward.

The defendant Sam Hall was employed by the road commission, or rather by the defendant Andy Johnston, with the advice and approval of his associates, pursuant to said act. These guards are paid for their services by the county, and are subject to the orders of the superintendent of the workhouse. Hall, therefore, was not a servant of the defendant Johnston at the time he did the shooting. Johnston was not acting in his individual capacity in selecting Hall as a guard, but in an official capacity and as an agent of the county in obedience to his statutory duty, and he was therefore performing a governmental duty. A public officer is not responsible for the wrongful act of a subordinate appointed by him under proper legal authority, unless he directed such wrongful act to be done, or is guilty

of negligence in respect of same, which directly and proximately contributed to the injury.    Sherman & Redfield on Neg. (6 Ed.), vol. 2, sec. 319; *Casey* v. *Scott,* 82 Ark., 362, 101 S. W., 1152, 118 Am. St. Rep., 80, 12 Ann. Cas., 184; *Robertson* v. *Sichel,* 127 U. S., 507, 8 Sup. Ct., 1286, 32 L. Ed., 203; *McKanna* v. *Kimball et al.,* 145 Mass., 555, 14 N. E., 789; *Sawyer* v. *Corse,* 17 Grat. (Va.), 230, 94 Am. Dec., 445; *Walsh* v. *Trustees N. Y. & Brooklyn Bridge,* 96 N. Y., 427; *Bowden* v. *Derby,* 97 Me., 536, 55 Atl., 417, 63 L. R. A., 223, 94 Am. St. Rep., 516.

Many other cases and authorities might be cited.

We think clearly under the well-recognized authorities on the subject that a public officer is not liable for the acts or omissions of his subordinates employed by him or working under his direction, unless they are acting in his private service, but these subordinates themselves are considered as servants of the government.    We do not mean to hold that there would be no personal liability in cases of negligence or want of reasonable care in the selection of subordinates, but that question does not arise, inasmuch as no facts are shown proving a dereliction upon the part of Johnston in this respect.    The defendant Hall was acting without any authority to do this act, but on the contrary in violation of instructions.    He had been instructed by his superiors not to shoot any prisoner.

The rule upon which sheriffs are held to be liable for the acts of their deputies is based upon the fact that the deputy is acting in a personal capacity as the

Lunsford v. Johnston.

agent of his principal, and the act of the deputy is the act of the principal. In such case it is more nearly a personal employment by the sheriff than the selection of a public official. The relation of principal and agent can, in no sense, be found in the present case.

Affirmed.