### GLENBERG v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1922.)

#### No. 3727.

1. **Criminal law ⊕956(3)—Order overruling motion for new trial not reviewable.**
   Overruling of motion for new trial on the ground of newly discovered evidence based on two affidavits, one by a witness at the trial which directly contradicted his testimony, and both of which were contradicted by counter affidavits, *held* not an abuse of discretion.

2. **Criminal law ⊕1156(1)—Ruling on motion for new trial discretionary.**
   A motion for new trial is addressed to the sound discretion of the trial court, and its ruling thereon is not reviewable, except for an abuse of discretion.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Criminal prosecution by the United States against John Glenberg and another. Judgment of conviction, and defendant Glenberg brings error. Affirmed.

T. S. Dunlap, of Cleveland, Ohio, for plaintiff in error.

Berkeley W. Henderson, of Cleveland, Ohio, for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DONAHUE, Circuit Judge. The plaintiff in error, John Glenberg, and one Hyman Goldman, were convicted on a joint indictment charging them with the illegal possession of morphine in violation of the Revenue Act of December 17, 1914, commonly known as the Harrison Anti-Narcotic Law, as amended by sections 1006, 1007, of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l). Motion for new trial was overruled, and sentence imposed.

[1] It is insisted upon behalf of plaintiff in error that the trial court erred in overruling his motion for new trial based upon the ground of newly discovered evidence. A number of affidavits were filed in support of this motion, but the principal ones relied upon by counsel for plaintiff in error are the affidavits of Hyman Goldman, the codefendant of Glenberg, and Morris Weiss.

Goldman's affidavit is to the effect that he saw William Krohn place a package of morphine in John Glenberg's machine, when "Glenberg had turned his back and gone into a cigar store at that place." He testified on the trial of the cause that he did not see John Glenberg on that day. He also testified that he did not see an automobile parked at the corner of Parkgate and East 105th street. Now he submits an affidavit that he did see this car; that he saw Glenberg, and that, after Glenberg had turned his back and had gone into the cigar store, some one placed a package of morphine in Glenberg's car. Just how he knew it was morphine he does not undertake to say. Not only does this affidavit contradict his evidence on the trial of the case in these two important particulars, but is so wholly inconsistent therewith that the trial court properly found that, "if what he has sworn to in this affidavit is true, then he committed perjury upon the trial of the cause."

The affidavit of Morris Weiss states that he was present and was talking with Ingram when he saw William Krohn approach and place a package on the seat of a Dodge roadster parked on East 105th street near Parkgate avenue. Ingram denies that Morris Weiss was present at the time and place mentioned in his affidavit, or that he had any conversation with him whatever, and that Hyman Goldman was the only one with whom he talked on that occasion.

Otto Diskowski, a detective on the Cleveland police force, testified by affidavit that Morris Weiss was not present and did not have any conversation with Arthur Ingram at that time and place. Frank Passicek also filed a counter affidavit in which he states that he knows Morris Weiss; that he was not with Arthur Ingram at East 105th street and Parkgate avenue on the date of the arrest of Hyman Goldman and John Glenberg. This witness also testified upon the trial of the cause that, when Glenberg parked his Dodge roadster on the northwest corner of 105th street and Parkgate avenue and before the arrival of Ingram, he walked over to the machine and at that time saw this package in the seat. All of the police officers testified that they kept this car under surveillance from the time it was parked until Goldman was arrested. These policemen also testified that they are more or less familiar with the persons suspected of dealing un-

lawfully in narcotics, and that they know no such person as William Krohn, and William Krohn was not produced, nor was an affidavit filed by him. There are other affidavits filed in support of this motion, but it is unnecessary to consider them in detail.

[2] A motion for a new trial is directed to the sound discretion of the trial court, and the overruling of such motion is not reviewable, except for an abuse of discretion. Laurie v. United States (C. C. A.) 278 Fed. 934, and cases there cited; Maryland Casualty Co. v. Orchard Land & Timber Co., 240 Fed. 364, 367, 153 C. C. A. 290. In view of the conflict between Goldman's affidavit and his evidence on the trial of the case, and the practically overwhelming proof that Morris Weiss was not present and did not have a conversation with Ingram, it cannot be said that the action of the trial court in overruling the motion for a new trial was an abuse of discretion.

The question of the sufficiency of the evidence is not presented by this record; but, even if it were, it is clear that the verdict of guilty is sustained by substantial evidence sufficient to furnish the certainty of proof required in a criminal case.

For the reasons stated, the judgment of the District Court is affirmed.