## CHAMBERS et al. v. ANDERSON.
### No. 5806.

Circuit Court of Appeals, Sixth Circuit.
April 14, 1932.

H. H. Baker, of Huntsville, Tenn. (John Jennings, Jr., of Knoxville, Tenn., on the brief), for appellants.

S. F. Fowler, of Knoxville, Tenn. (R. L. Pope, B. C. Ogle, J. A. Fowler, and Fowler & Fowler, all of Knoxville, Tenn., on the brief), for appellee.

Before MOORMAN and HICKEN-LOOPER, Circuit Judges, and NEVIN, District Judge.

MOORMAN, Circuit Judge.

This case presents a preliminary question of jurisdiction. The appellee, plaintiff below, alleged in her declaration that "she is and was when this action was brought a citizen and resident of the State of Kentucky, and that each and all of the defendants are and were * * * citizens and residents of the State of Tennessee." The appellants, defendants below, filed a plea, according to the state practice, of "not guilty." They now claim that this plea put in issue the averments that defendants were citizens and residents of Tennessee, and, as no evidence was offered to sustain these averments, there was a failure of proof on the necessary jurisdictional facts.

By virtue of the Conformity Act (28 USCA § 724) jurisdictional averments may be put in issue in a federal court by a general denial in the answer, if permitted by the practice of the state where the court is sitting. Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360. The form for the civil plea of "not guilty" in Tennessee is set forth in section 8789 of the 1932 Code of Tennessee, but there is no provision as to its effect except in ejectment (sections 9128, 9129) and replevin suits (section 9297). The Code also provides for pleas in abatement. Section 8750 provides that such pleas must be verified by oath, and section 8751, that they may be used in five enumerated instances not material here. Section 8752 provides that "this enumeration is not intended to exclude any cause of abatement recognized by law." Except where changed by statute or state practice, the use of the plea in abatement is recognized by law as the means for challenging jurisdiction. Farmington v. Pillsbury, 114 U. S. 138, 5 S. Ct. 807, 29 L. Ed. 114; City of Detroit, Mich., v. Blanchfield, 13

F.(2d) 13, 47 A. L. R. 314 (6 C. C. A.). The effect of the statute of Tennessee is that the plea of "not guilty" does not put in issue jurisdictional allegations, and, that being true, the jurisdictional facts alleged in the complaint in this case are to be treated as undenied. This accords with the Tennessee decisions. Achy v. Holland, 76 Tenn. (8 Lea) 510; Crutchfield v. Durando, 71 Tenn. (3 Lea) 68; Padgett v. Ducktown, 97 Tenn. 690, 37 S. W. 698.

There is also objection to the jurisdiction on the ground that lack of diversity of citizenship appears on the face of the declaration, in that Bertha Anderson was appointed administratrix of the estate of the deceased by a probate court of Tennessee, and neither she, as such administratrix, nor the party in whose name she sued, the state of Tennessee, is a nonresident. The objection, so far as the administratrix is concerned, is answered by Memphis Street Ry. Co. v. Moore, 243 U. S. 299, 37 S. Ct. 273, 61 L. Ed. 733. In its other aspect, it is sufficient to say that the state is only a nominal party, and, for the purpose of jurisdiction, the administratrix is the party in interest. New Orleans v. Gaines' Adm'r, 138 U. S. 595, 606, 607, 11 S. Ct. 428, 34 L. Ed. 1102.

The suit was brought against the sheriff and the sureties on his official bond to recover damages for the killing of the appellee's husband by a deputy sheriff. A statute of the state (section 8621) gives the right to bring such action on the bond in the name of the state. Appellee failed to name the state as party plaintiff in the declaration, but, upon application made after the declaration was filed, was allowed to amend it so as to correct the error; the order providing that the amendment might be made upon the face of the declaration. She did not actually write the name of the state into the declaration after authority was granted her so to do. Appellants say that her failure to do so requires a reversal of the judgment and the dismissal of the action. But it has been held that if leave to amend be given and the cause tried as if the amendment were made, even though not made, the necessity for making it is obviated. Rademaker v. Flynn (C. C. A.) 17 F.(2d) 15; Farnam v. Doyle, 128 Mich. 696, 87 N. W. 1026. This rule has been approved in Tennessee. Eakin v. Burger, 1 Sneed (Tenn.) 417; McBee v. Petty, 3 Cold. (Tenn.) 178; Beeler v. Huddleston, 3 Cold. (Tenn.) 201; Lyon v. Brown, 6 Baxt. (Tenn.) 64. Furthermore, under the Tennessee statutes, sections 8710, 8711, the court,

at any stage of the proceedings, may allow amendments upon such terms as it may prescribe. The state of Tennessee is only a nominal party, and appellants have suffered no disadvantage from the failure heretofore to make the amendment. For this reason we treat the declaration as amended in this court in accordance with the authority given in the court below.

The deceased, Anderson, was arrested for the commission of an offense in the presence of Watters, a deputy sheriff. After the arrest, the deputy undertook to take Anderson to the state line to turn him over to another officer. The plaintiff's evidence tended to show that in the course of the journey Anderson, who was handcuffed, attempted to escape, and Watters shot him. Watters testified that as they were walking on a road, infrequently traveled, he heard a noise on the hillside above, and, knowing that officers had been fired upon from that section, adjusted the lock of his rifle so that he could fire; that Anderson fled through the underbrush in the forest, and that he (Watters) in pursuing him became entangled in a pine tree, which discharged his rifle, the ball striking Anderson and killing him. We are not called upon to decide the issue of fact between these two conflicting theories. The plaintiff's evidence was substantial, and the question is whether, if accepted by the jury, it was legally sufficient to justify a verdict of liability. Appellants contend that it is not. They rely upon Robertson v. Sichel, 127 U. S. 507, 8 S. Ct. 1286, 32 L. Ed. 203, where it was held that a collector of customs was not liable for a tort committed by his subordinate in negligently keeping the trunk of an arriving passenger on the pier, where it was destroyed by fire.

■ The doctrine of the Robertson Case, that a superior officer is not liable for the torts or wrongs committed by his subordinates in the discharge of duties which the superior officer could not possibly perform in person has no application to the torts or wrongs of a deputy acting for a public officer in the performance of duties imposed by law on such officer. Section 690 of the Code of Tennessee requires that the sheriff give bond that he will faithfully execute his office and perform its duties and functions. He is authorized to appoint as many regular and special deputies as he may deem proper. He may appoint them for such length of time within his own term as he may desire, and the compensation for their services may be arranged by contract. Section 695, Tennessee Code

1932. It has been held in Tennessee that, if the deputy be guilty of any default in performing the duties of the sheriff's office, the recourse of the injured party is upon the sheriff and his bondsmen. Love v. Bass, 145 Tenn. 522, 238 S. W. 94; Ivy v. Osborne, 152 Tenn. 470, 279 S. W. 384. See, also, Reichman v. Harris, 252 F. 371, 384 (6 C. C. A.); Tate v. Baugh, 264 F. 892, 894 (6 C. C. A.). The basis of this liability, as stated in Lunsford v. Johnston, 132 Tenn. 615, 179 S. W. 151, 152, is that the deputy acts "in a personal capacity as the agent of his principal, and the act of the deputy is the act of the principal." The rule generally is that a sheriff is liable for the acts of his deputy in the ordinary line of the sheriff's official duty, or, as sometimes said, for such acts as the deputy performs by virtue of the sheriff's office, and not merely under color of the office. Crocker on Sheriffs (3d Ed.) §§ 849, 869; Murfree on Sheriffs (1890 Ed.) § 20; Perkins & Hopkins v. Reed, 14 Ala. 536; People ex rel. Budd v. Ten Eyck, 13 Wend. 448 (Sup. Court N. Y.); Ackworth v. Kempe, 1 Doug. 40 (King's Bench); Sanderson v. Baker, 3 Wilson 309 (Common Pleas); King v. Gray, 189 Ala. 686, 689, 66 So. 643; Foley v. Martin, 142 Cal. 256, 71 P. 165, 75 P. 842, 100 Am. St. Rep. 123; Reichman v. Harris, 252 F. 371, 384 (6 C. C. A.); Tate v. Baugh, 264 F. 892, 894 (6 C. C. A.). It is also settled by these decisions and others that the misconduct of a deputy when acting by virtue of the sheriff's office is a default of the sheriff covered by his official bond. An application of the doctrine of these last-mentioned cases to the case at bar leaves no room to contend that there was no substantial evidence of legal liability against appellants. Both in arresting Anderson and in conducting him to a place for safe-keeping the deputy was acting in the performance of duties imposed by law upon the sheriff. For these purposes he was the alter ego of the sheriff, and plainly any wrongful act committed by him in the performance of these duties is chargeable to the sheriff and his bondsmen.

■ Error is assigned to the court's ruling in refusing to grant a new trial on the grounds of surprise and newly discovered evidence. The evidence at which the appellants claim to have been surprised was given by Frogge, who testified that he saw Watters shoot the deceased. The only basis for the claim of surprise was that Frogge did not testify on the trial of the criminal prosecution against Watters. His evidence, however, was within

the issues made by the pleadings, and there was no reason why appellants might not have expected evidence of that character. When it was introduced they manifested no surprise by asking a delay, but proceeded with the trial. After proceeding with the trial and taking their chances on a verdict, they cannot claim that they ought to have a new trial because they were surprised by the evidence. Nellums v. Nashville, 106 Tenn. 222, 61 S. W. 88; Beardsley v. Howard, etc., (C. C.) 176 F. 619.

The newly discovered evidence is set forth in the affidavits filed in support of the claim of surprise. These affidavits contradict Frogge on one or two important and several immaterial points. They also attack his credibility as a witness. One of them, the affidavit of Musgrove, states that at the time of the shooting Frogge was with him several miles from the point of the shooting. This statement of Musgrove was controverted in counter affidavits filed on behalf of appellee. However that may be, the granting of a new trial upon newly discovered evidence of a contradictory and impeaching character is a matter that rests in the sound discretion of the trial court. Glenberg v. United States, 281 F. 816 (6 C. C. A.); Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co., 285 F. 214 (6 C. C. A.). We cannot say that there was an abuse of that discretion in this case.

The judgment is affirmed.