## Mayer v. Brimmer.

*Voidable judgment—Expiration of time of appeal—Motion to strike off.*
If a judgment be erroneously entered by a court having jurisdiction of the person and subject-matter, it is voidable and not void; and an order refusing to strike it from the record on a motion made after the time allowed for an appeal has expired, will not be reversed by the appellate court. Clarion, etc., R. R. Co. v. Hamilton, 127 Pa. 1, followed.

*Practice, Superior Court—Appeals—Act of 1891.*
The Act of May 20, 1891, P. L. 101, was not intended to give a party aggrieved by a judgment obtained in an adverse proceeding, which at the worst is only erroneous and not void, two opportunities to obtain a reversal.

Argued Nov. 14, 1900. Appeal, No. 55, Oct. T., 1900, by plaintiff, in suit of Israel P. Mayer against John F. Brimmer, from order of C. P. Lancaster Co., Sept. T., 1895, No. 26, refusing to grant a rule to show cause why judgment should not be amended and modified or stricken from the record. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Rule to strike off judgment. Before LIVINGSTON, P. J.

It appears from the record that the action was assumpsit to secure the amount alleged to be due on a contract, and for

extra work for erecting and constructing a dwelling house and stable by the plaintiff for defendant. A special verdict was entered for plaintiff against defendant for $688.94. It appears further from the record that acting upon the suggestion made in the plaintiff's point, and exercising the power to reserve questions of law and to enter the proper judgment notwithstanding the verdict, the court entered the judgment in favor of defendant on March 6, 1899.

Other facts appear in the opinion of the Superior Court.

The defendant, instead of availing himself of the right to appeal from the entry of the judgment entered March 6, 1899, allowed the time to pass without any action on his part, and on November 28, 1899, moved to strike off the judgment. The motion being denied plaintiff appealed.

*Errors assigned* among others were (1) in not striking the judgment entered in favor of defendant on March 6, 1899, from the record. (7) In not entering judgment on the verdict in favor of plaintiff.

*T. B. Holahan,* for appellant.—This was a special verdict rendered by the jury in favor of the appellant and plaintiff below, without conditions or reservations ; and being a common-law action he was entitled to have judgment entered on the verdict.

It is the very essence of a special verdict that the jury should find the facts on which the court is to pronounce judgment according to law: Wallingford v. Dunlap, 14 Pa. 31; Tuigg v. Treacy, 104 Pa. 493.

Whatever is not found in a special verdict must be taken not to exist. The verdict being conclusively the complete result of the jury's deliberations upon the whole case prescribed : Thayer v. Society of United Brethren, 20 Pa. 60; Tuigg v. Treacy, 104 Pa. 493.

The judgment entered in favor of the defendant being invalid by reason of no jurisdiction in the court which pronounced it, the learned court below erred in not striking it from the record: Fowler v. Eddy, 110 Pa. 117.

It is never too late to attack a judgment for want of jurisdiction : Fowler v. Eddy, supra.

In this case that fact is shown on the face of the record.

The only way open for the appellant to attack the judgment under our practice was a motion to strike it off the record: Hall v. Publishing Co., 180 Pa. 561.

The judgment entered was entirely irregular, and the appellant had but one course to pursue, which was to present his petition to the court below, setting forth the facts and praying that the judgment be stricken from the record. This the appellant did: Bryn Mawr Nat. Bank v. James, 152 Pa. 364.

The learned court below being without jurisdiction, the judgment being irregular, the appellant was not limited as to time to take advantage of the same by petitioning to the court below to strike the same from the record: North & Co. v. Yorke, 174 Pa. 349.

The verdict was not set aside, nor a new trial granted. The end of the suit is determined without reversing the verdict of the jury given in favor of appellant: Huston v. Mitchell, 14 S. & R. 310.

*Jno. A. Coyle* and *W. H. Keller*, for appellee.—This is a proceeding, resorted to by the appellant, to evade the plain provisions of the act of May 19, 1897, limiting the time within which appeals may be taken to the Superior and Supreme Court to six months from the entry of the order, judgment or decree appealed from.

PER CURIAM, December 10, 1900:

If there was any irregularity in the proceedings after verdict it seems to have been invited by the plaintiff's point, which was as follows: "Although mechanics' liens are filed and the amount liquidated or unliquidated, and the contractor was under his agreement and contract to furnish a release of all liens before final payment, and said releases are not furnished, that is not a condition precedent to plaintiff's recovery; the adjustment of the verdict is entirely within the control of the court upon judgment to be entered thereon, or execution." Moreover, a question of law raised by the defendant's second and third points was reserved. True, this was not spread at length upon the docket, but it appears in the official report of the charge, which, pursuant to exceptions taken before verdict, was "directed to

be filed as part of the record in the case." Under the circumstances we think the charge and answers to the points, wherein the reserved questions were set forth, should have been printed. Acting upon the suggestion made in the plaintiff's point and exercising the power to reserve questions of law and to enter the proper judgment notwithstanding the verdict, the court entered final judgment in favor of the defendant on March 6, 1899. If the proceedings which led up to this judgment were irregular, or if the judgment was erroneous, the plaintiff had an adequate remedy by appeal. Instead of availing himself of this remedy he allowed the time to appeal to pass without any action on his part, and on November 28, 1899, moved to strike off the judgment, and from the order refusing this motion took the present appeal. Under the circumstances we are not called upon to determine whether or not the judgment was irregular or erroneous ; it is sufficient to show that it was not void. And if it was not void the court committed no error in refusing to strike it off after the time for appeal had gone by. The principles controlling the question for decision are clearly enunciated in Clarion, etc., R. Co. v. Hamilton, 127 Pa. 1. It was not intended in the act of 1891 to give a party aggrieved by a judgment obtained in an adverse proceeding, which at the worst is only erroneous and not void, two opportunities to obtain a reversal.

The order of February 10, 1900, dismissing the plaintiff's motion is affirmed, and the appeal is dismissed at his costs.