SANFORD v. WHITE et al.

(Circuit Court, S. D. New York. May 1, 1901.)

NEW TRIAL—TIME OF MOTION.

    Where a cause was tried in the October term, 1899, and judgment rendered, a motion in the October term, 1900, for leave to file a motion for new trial for fraud in the conduct of the trial, alleged to have been discovered January, 1900, comes too late; a United States court having no power over its proceedings after the term at which such proceedings were had.

At Law.

Paul Sheldon, for plaintiff.
Thomas L. Hughes, for defendants.

WHEELER, District Judge. This cause was tried late in October term, 1899, and there was a verdict, and judgment on the verdict,

for the defendant. Now, in this October term, 1900, the plaintiff has moved, on notice, for leave to file a motion for a new trial for fraud in the conduct of that trial, and has filed an affidavit in support of this motion that he did not discover evidence of the fraud till January 28, 1900, and that he then proceeded herein at once. The whole of April term, 1900, has intervened. The proceeding invoked seems to be for leave to file a motion nunc pro tunc, which would be quasi pending till now, and on which the cause should be brought forward, and the motion now be heard. Such proceedings have prevailed in Vermont from the earliest times, founded upon the supervisory right of a continuous court over its own proceedings, as well of previous as of pending terms. Scott v. Stewart, 5 Vt. 57; Mosseaux v. Brigham, 19 Vt. 457; Franks v. Lockey, 45 Vt. 395. And such proceedings, founded upon such supervisory right or upon express statutes, appear to have prevailed in the courts of New York and of other states. But this is not a form or mode of procedure adopted for the courts of the United States, and warrant for it is to be looked for in the power of those courts as such, and not elsewhere. Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8, 34 L. Ed. 585. And while the remarks of Mr. Justice Miller in U. S. v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93, relied upon by the plaintiff, give some countenance for such a proceeding in the United States courts, they appear to have been made with reference to relief in equity, and are to be understood as so made. Otherwise the universal current of authority seems to be that the supervisory power of the United States courts over their proceedings ends with the terms at which the proceedings were had. Hickman v. Ft. Scott, 141 U. S. 415, 12 Sup. Ct. 9, 35 L. Ed. 775; A. B. Dick Co. v. Wichelman (C. C.) 106 Fed. 637. This motion must therefore be denied. This is done, however, for supposed want of power, as matter of law, and without prejudice, leaving to the plaintiff such right of review or other mode of relief as he may be advised to take. Motion denied as matter of law, and without prejudice.