# American Soda Water Co. *v.* Taggart, Appellant.

*Judgment—Opening judgment—Appeals—Act of May 20, 1891, P. L. 101.*

1. While the Act of May 20, 1891, P. L. 101, gives a right of appeal in applications to open or strike off judgments it was not intended to give the defendant in a judgment obtained in an adverse proceeding, which at the worst is only erroneous and not void, two opportunities to obtain a reversal.

2. Where a judgment has been entered in replevin for want of a sufficient affidavit of defense, and more than two years afterwards the court considers and discharges a rule to open judgment no appeal lies from the first order of the court, inasmuch as more than six months have elapsed from the entry of such order.

3. A petition to open a judgment in replevin entered adversely for want of a sufficient affidavit of defense, is fatally defective if it does not allege that the facts set up as a defense were after-discovered, and could not have been discovered by the defendant by the exercise of reasonable diligence before judgment was entered.

*Judgment—Interlocutory judgment—Writ of inquiry—Assessment of damages.*

4. While the Act of May 22, 1722, 1 Sm. L., 131, authorizes the court upon the application of the plaintiff in an interlocutory judgment to make an order in the nature of a writ of inquiry to charge the jury attending at the same or next court after such judgment is given, to inquire of the damages and costs sustained by the plaintiff in such

action, it does not give the defendant a right to demand that the damages be assessed in that way instead of by a writ of inquiry directed to the sheriff.

5. An order discharging a rule to show cause why a sheriff's jury appointed to assess damages under a writ of inquiry should not consider evidence of payment made before judgment as well as evidence of set-off for damages suffered by defendant, is a mere interlocutory order from which no appeal lies.

Argued Dec. 19, 1910. Appeal, No. 79, Oct. T., 1910, by defendant, from certain orders of C. P. No. 2, Phila. Co., Sept. T., 1907, No. 2,533, making absolute and discharging certain rules in case of American Soda Fountain Company v. G. Corson Taggart. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for soda fountain.

Rule for judgment for want of a sufficient affidavit of defense.

Rule to open judgment.

Rule on sheriff's jury to consider certain evidence.

Rule to make an order to charge a jury to inquire into damages.

The opinion of the Superior Court states the case.

*Errors assigned* were as follows:

1. The learned court below erred in making absolute on December 24, 1907, the plaintiff's rule for judgment for want of a sufficient affidavit of defense.

2. The learned court below erred in discharging the defendant's rule to show cause why the judgment rendered against him should not be opened and he be let into a defense.

3. The learned court below erred in discharging defendant's rules taken on March 3, 1910, to show cause why the sheriff's jury appointed to assess damages under the writ of inquiry issued in the cause should not consider evidence of payments made on account of the purchase price of the goods, as well as evidence of set-off for dam-

ages suffered by defendant in the cause; and to show cause why the court should not make an order in the nature of a writ of inquiry to charge the jury attending the next court to inquire of the damages and costs sustained by the plaintiff in accordance with the act of May 22, 1722.

*Charles S. Wood,* for appellant.

*Harry M. McCaughey,* with him *William S. Furst,* for appellee.

OPINION BY RICE, P. J., March 3, 1911:

1. While the Act of May 20, 1891, P. L. 101, gives a right of appeal in applications to open or strike off judgments, it was not intended to give the defendant in a judgment obtained in an adverse proceeding, which at the worst is only erroneous and not void, two opportunities to obtain a reversal: Clarion, M. & P. R. R. Co. v. Hamilton, 127 Pa. 1; Mayer v. Brimmer, 15 Pa. Superior Ct. 451. It follows that the first assignment, in which error is alleged in the entry of judgment because of the insufficiency of the affidavit of defense, must be overruled because the appeal was not taken within six months after the judgment was entered; indeed it was not taken until more than two years after judgment.

2. The petition to open the judgment and let the defendant into a defense was properly overruled for the reason, if for no other, that it did not allege that the facts set up as a defense to the action were after-discovered and could not have been discovered by the defendant by the exercise of reasonable diligence before judgment was entered.

3. Even if the two rules referred to in the third assignment of error were assigned separately, as rule XIV of this court requires, there would be no ground for reversal. The action was replevin. The defendant gave bond and retained the property. An affidavit of defense was filed, which was adjudged insufficient and judgment entered for the plaintiff. The plaintiff was proceeding in a regular

way to have the damages assessed by a writ of inquiry: Painter v. Snyder, 22 Pa. Superior Ct. 603. While the act of May 22, 1722, 1 Sm. L. 131, authorizes the court, upon the application of the plaintiff in an interlocutory judgment, to make an order in the nature of a writ of inquiry to charge the jury attending at the same or next court after such judgment is given to inquire of the damages and costs sustained by the plaintiff in such action, it does not give the defendant a right to demand that the damages be assessed in that way, instead of by a writ of inquiry directed to the sheriff. As to the rule to show cause why the sheriff's jury appointed to assess damages under the writ of inquiry should not consider evidence of payments made before judgment as well as evidence of set-off for damages suffered by defendant in the cause, it is sufficient to say that the discharge of the rule was a mere interlocutory order from which no appeal lies.

The appeal, so far as it concerns the original judgment for want of a sufficient affidavit of defense, and the rules taken on March 3, 1910, which are referred to in the third assignment of error, is dismissed for the reasons given in the foregoing opinion; so far as it concerns the order discharging the rule to show cause why the judgment should not be opened, the order is affirmed; the costs of this appeal to be paid by the appellant.