## KNOWLTON v. SENECA ENGINEERING CO.

District Court, W. D. New York. September 3, 1929.

Mortimer L. Sullivan and Levi Ginsburg, both of Elmira, N. Y., for plaintiff.

Olin T. Nye, of Watkins, N. Y., and Charles E. Bostwick, of Rochester, N. Y., for defendant.

HAZEL, District Judge. The application for a new trial on the ground of newly discovered evidence comes too late. In the absence of a statute, the court is without jurisdiction to grant relief after the expiration of the term at which the decision was rendered; the term not being extended by order. This rule applies to civil and criminal actions. Even where a term has been extended for filing and signing a bill of exceptions, a motion for a new trial on newly discovered evidence is not maintainable. Harley v. U. S. (C. C. A.) 269 F. 384. In United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129, the Supreme Court definitely decided that state statutes relating to granting new trials are not applicable, and the consent of the adverse party could not confer jurisdiction where it was sought on facts discovered after the term at which the defendant was adjudged guilty had terminated. In Mann v. Dempster (C. C. A.) 181 F. 76, it was ruled in this circuit that the judgment could not be set aside for the purpose of granting a new trial when the term had long since expired. Nor can terms of court to afford relief for failure to file a bill of exceptions or consider newly discovered evidence be continued or extended by a nunc pro tunc order. Reader v. Haggin (C. C. A.) 160 F. 909; and see Exporters of Mfg. Products,

Inc., v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663, and Sanford v. White (C. C.) 108 F. 928. The case of Fuller v. U. S., 182 U. S. 562, 21 S. Ct. 871, 45 L. Ed. 1230, cited by defendant, is of doubtful application, since in that case the right to grant a new trial, after termination of the term, was based on the statutes of Arkansas, which by congressional act was made a law of the Indian Territory, and the Supreme Court ruled that the proceeding for new trial after expiration of the term was in form a new and independent suit.

The particular relief sought herein is to vacate the judgment entered January 12, 1929, by order because of the discovery of new evidence tending to show that a material witness, who testified for plaintiff, was hostile, and might, if the facts had been elicited, have resulted in impeaching the witness. Such testimony was known to the secretary of defendant at the time of the trial, and was not communicated to counsel, and hence, in any event, does not constitute newly discovered evidence. Trial was had by the court, trial by jury being waived by written stipulation. Decision was rendered in October, 1928. Specific findings of fact, filed on January 9, 1929, and the records of the clerk show that notice of appeal was filed before entry of judgment. Later a second notice of appeal was filed and served on adverse counsel following entry of judgment. The term was not continued, though under local rule 9 the term was automatically extended for 90 days after entry of final decree, which clearly was abundant time to complete the record on appeal or make application for new trial. Diligence is the important factor upon which such motions are based, including actions in equity to enjoin enforcement of a judgment. See Pickford v. Talbott, 225 U. S. 651, 32 S. Ct. 687, 56 L. Ed. 1240, and note citations under section 391 of 28 USCA.

However, since notice of appeal was filed and served on April 1, 1929, but without the appeal being allowed and without filing assignment of errors, as required by Circuit Court of Appeals rule 10, the existing order restraining enforcement of the execution will be continued to allow defendant to apply to the Circuit Court of Appeals at its next session for relief, if it chooses to do so; and, on the other hand, to allow plaintiff to move for the dismissal of the appeal for irregularity. The Act of January 31, 1928 (28 USCA §§ 861a, 861b), abolished writs of error without reference to the existing practice, and relief thereunder was clarified by the amendatory act of April 26, 1928 (28 USCA § 861b), which expressly retained the practice providing for appeal and assignment of errors and issuance of citation.

The motion for new trial on newly discovered evidence is denied.