**DELAWARE & HUDSON CO. v. STANKUS.**

**Nos. 4934, 4935.**

Circuit Court of Appeals, Third Circuit.

Feb. 24, 1933.

Frank A. McGuigan, of Wilkes Barre, Pa., for appellant.

Jacob Klensin, of Carbondale, Pa., for appellee.

Before DAVIS and THOMPSON, Circuit Judges.

888

THOMPSON, Circuit Judge.

This case is before the court upon petition by the appellant to remand the cause to the District Court for the Middle District of Pennsylvania. Appeals were perfected on June 14, 1932, in two actions in trespass in which judgments were entered upon verdicts for the appellee. On January 4, 1933, the appellant filed affidavits with this court which, if substantiated, would tend to prove that the principal witness for the appellee had committed perjury. The appellant has petitioned this court to remand the cause to the District Court for the taking of further testimony because of this alleged after-discovered evidence. The appellant had previously attempted to obtain a new trial based on substantially similar affidavits, but the District Court on November 9, 1932, held that it had lost jurisdiction on June 14, 1932, when the appeal was taken. The court therefore denied the motion for leave to file additional reasons for a new trial, citing as authority United States v. Radice (C. C. A.) 40 F.(2d) 445.

Under the authorities, even if we were to remand this case to the District Court, that court would have no jurisdiction to set aside or alter its judgments after the expiration of the term at which the final judgments were entered, unless the proceedings for that purpose were begun during that term. United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267; Knowlton v. Seneca Engineering Co. (D. C.) 36 F.(2d) 394; Sanford v. White (C. C.) 108 F. 928. Although there is some dispute as to whether the term of court had expired, the court calendar indicates that the May term, in which the judgments were entered, expired June 6, 1932, and the record shows that the motion for a new trial was made August 16, 1932, and therefore was within the June term, which extended from June 7 to October 17 of that year. Several terms of court had expired from the date of the entry of judgment to that of the filing of the petition in this court.

The appellee, on the other hand, has moved to dismiss the appeals because of the failure of the appellant to comply with the rules of this court requiring the filing of twenty copies of the brief with the clerk of the court. Since this is merely a rule of convenience, it is within our discretion to permit the appellant to file such copies nunc pro tunc.

The prayer of the petition to remand is denied, with leave to the appellant to file the requisite copies of its brief nunc pro tunc and to proceed with the due prosecution of its appeal.