## Hedley, Appellant, v. Snipes.

Argued October 13, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Robert P. Shick,* for appellant.

*John Harper,* for appellee.

OPINION BY RHODES, J., December 21, 1936:

This is an appeal from the refusal by the court below, sitting in equity, to vacate its previous decree and allow plaintiff a rehearing.

Plaintiff, on August 29, 1927, conveyed certain real estate in Bucks County to defendant and Henry W. Comfort, since deceased. On the same date the grantees executed a declaration of trust to the plaintiff. It provided that the trustees were empowered to manage, mortgage, and sell the property, and, after paying all

charges, pay any balance then remaining to the plaintiff; and that said trust was to continue until all moneys advanced by the trustees had been repaid, with interest, but in no event should the same continue beyond the life of plaintiff.

By deed dated September 3, 1930, defendant, surviving trustee, conveyed the real estate in question to Joseph W. Prince, the deed reciting a consideration of $1,500, subject to a mortgage of $8,500. By deed dated September 29, 1930, Prince conveyed the same property to Morris F. Miller for a consideration, according to the deed, of $1, clear of encumbrances. Both deeds were recorded on October 7, 1930. On September 3, 1930, Prince paid defendant $1,500, and on October 3, 1930, Miller paid Prince $12,000; $10,000 for the property in question, and $2,000 for an option to purchase ten private garages in Philadelphia. Prince endorsed the $12,000 check to defendant, who transferred $10,000 to a trust account, paid the $8,500 mortgage on the property which had been conveyed by him as trustee of plaintiff, made an accounting, and remitted the balance to plaintiff. Defendant held a note against Prince, dated August 30, 1929, in the amount of $3,000, which he paid, together with interest thereon of $17.50, from Prince's money in his possession, and remitted to Prince the balance on October 7, 1930.

On February 1, 1932, plaintiff filed a bill in equity which averred, inter alia, that the sale by defendant to Prince was not bona fide; that Prince was merely a straw man for defendant; that the actual consideration for the deed from Prince to Miller was $12,000, whereas that in the deed from defendant to Prince was $10,000; and that as a result of these transactions defendant made a profit of $2,000, which he had converted to his own use.

Defendant filed an answer in which he averred that he and the other trustee had accepted the trust as an

act of charity, at the urgent request of plaintiff, in order to save the real estate from a pending foreclosure sale under mortgage executed by plaintiff to a building and loan association; that he and Henry W. Comfort, the other trustee, raised the mortgage money of $8,500, paid off the mortgage, and held the property for plaintiff under the declaration of trust. Defendant denied that Prince was a straw man, and further averred that the sale to Prince was a bona fide sale for a consideration of $10,000, and made with plaintiff's knowledge and consent. Defendant admitted the sale from Prince to Miller, but denied knowledge of the price paid by Miller, or that he had profited from the sale. Defendant's answer also alleged that he had previously accounted to plaintiff, and to the satisfaction of her then counsel; that he had exhibited to plaintiff and her attorney all memoranda, all correspondence, book accounts, checks, and deposit books pertaining to the transaction; that the controversy had been submitted under an agreement between the parties to a committee of the Germantown Monthly Meeting of Friends; that it was agreed between the parties that the decision and award of this committee should be a final disposition of plaintiff's complaint; that the committee rendered a report absolving defendant of "any illegal or immoral actions in the matter and [that defendant] had done his best for Mrs. Hedley and her interests in the face of rather trying circumstances and a good deal of annoyance from Mrs. Hedley." A copy of defendant's account and a copy of the decision of the committee were attached to the answer.

Hearing on the bill and answer was held December 14, 1933, before Davis, P. J., sitting as chancellor, at which the only witness was the defendant, who was called as on cross-examination by plaintiff, and later examined by his own counsel. Numerous exhibits were also offered in evidence.

On January 19, 1934, the chancellor filed his adjudication, setting forth thirty-one findings of fact.

The sixteenth, eighteenth, nineteenth, and twentieth findings of fact are as follows:

"16. This sale to Prince was a bona fide sale and had no relationship to the sale subsequently made by Prince to Morris F. Miller. ......

"18. On October 3, 1930, Morris F. Miller drew a check to the order of Prince for $12,000, part of which was to pay for the said property under the terms of the following undertaking by Prince:

'Philadelphia, Pa., October 3, 1930.

'Received of Morris F. Miller, $12,000; $2000 of which is for an option to purchase ten private garages at the southwest corner of Aspen and Brooklyn Streets, Philadelphia, and $10,000 of which is for the purchase of property at Langhorne, Bucks County, Pennsylvania.

'I hereby agree in consideration of said $12,000, receipt of which I acknowledge, to give Morris F. Miller an option to have deeds made to him or his assigns without further consideration to said ten private garages at the southwest corner of Aspen and Brooklyn Streets, Philadelphia, Pa., subject to existing mortgages of a first $5,000 and a second $2,000 building and loan mortgage and taxes. This option is to expire one year from this date. Morris F. Miller is to give Joseph W. Prince ten days written notice prior to the expiration date of this option if said Miller desires deeds for the premises covered by this option.

'Witness my hand and seal the 3d day of October, 1930. Signed Joseph W. Prince.'

"19. The defendant in this suit had at no time any interest in the garages at the southwest corner of Aspen and Brooklyn Streets, mentioned in the above agreement.

"20. The above transaction between Miller and Prince was entirely without the knowledge of the de-

fendant, and a transaction entirely independent of him."

After a thorough discussion of the evidence, the chancellor concluded as a matter of law that there was no evidence of conspiracy between defendant and Prince; that the sale to Prince by the defendant was bona fide; that Prince was in no sense a straw man or a mere nominee of the defendant; that defendant was not guilty of fraud in the management of the trust estate; and that the arbitration and the finding of the arbitrators made on October 5, 1931, were final and binding upon both parties.

To these findings of fact and conclusions of law plaintiff, on January 29, 1934, filed seventeen exceptions. They were dismissed by the court below on March 28, 1934. From this action of the court below plaintiff took no appeal. Such was the status of the matter, when, on March 2, 1936, more than two years after the dismissal of plaintiff's bill, she filed the present petition, asking that the adjudication be set aside, the decree vacated, and a further hearing allowed. Any merit in plaintiff's petition must be found in the averment that she had subsequently discovered certain evidence tending to contradict the testimony of the defendant that she had agreed to submit their controversy to arbitration by a committee of the Germantown Monthly Meeting of Friends.

The oral evidence relied upon was not stated, but the written evidence, which she alleged came into her possession since March 28, 1934, consisted of a written proposal for resubmission of all the matters in controversy to the Friends' committee, which writing was signed by the defendant and dated September 9, 1932.

A rule was granted on defendant, who filed an answer to plaintiff's petition and rule in which he denied the material allegations of the petition, and averred that the written agreement relied upon was mailed to

plaintiff's then counsel, in triplicate, on November 30, 1932, and attached to the answer was a copy of the correspondence in connection therewith. It is apparent from the pleadings that defendant's written proposal to resubmit all matters in controversy to the arbitrators was never signed by the plaintiff, or the suggestion accepted by her, and that the written proposal to resubmit was in the possession of plaintiff's counsel for more than a year prior to the hearing on bill and answer on December 14, 1933.

The court below, on March 16, 1936, dismissed plaintiff's petition for rehearing. From that dismissal plaintiff has appealed.

Appellant's argument is to the effect that appellee failed to observe "due fidelity" toward appellant in the management of the trust estate, and that at the hearing on the bill and answer appellee did not meet the burden of proving the "perfect fairness" of appellee's transactions.

Appellant's argument raises no question that was not considered and decided by the court below in its adjudication after hearing. We think the court below gave most careful consideration to the allegations against the appellee, especially as they questioned the integrity of a member of the bar. We likewise have very carefully examined the pleadings and the testimony, and, although not to be considered in any way as the basis of this opinion, we believe the findings of fact and conclusions of law of the chancellor were fully justified by the evidence.

However, as this case is before us on appeal from refusal by the court below to vacate its final decree and grant a rehearing on a petition presented two years after the entry of such decree, the only question involved is whether the court below abused its discretion by such refusal. Testimony was taken on bill and answer, argument was heard, adjudication and decree nisi

were made, exceptions were filed and dismissed, and no appeal was taken. Petition for rehearing was filed two years after the case was closed. We can find no valid reason presented by the appellant to have the case reopened, unless there is some merit in the after-discovered evidence set forth in the petition. A review for such reason rests in the sound discretion of the court below. *Bailey's Estate,* 291 Pa. 421, 140 A. 145. The after-discovered evidence presented in this case would not justify vacating the decree and granting a rehearing, and the court below did not abuse its discretion when it dismissed appellant's petition. The petition fails to disclose (although we may assume it would be the testimony of the appellant who failed to testify at the hearing) the oral evidence "which contradicts the testimony of the defendant at the trial as to the most material fact, viz: an arbitration and final decision of arbitrators." The question of arbitration was an issue in the first instance, and has been decided. The original decree manifestly does not rest solely on the arbitration, which the court below concluded was final and binding on the parties; it is sufficiently supported by other findings and conclusions of the chancellor, who held that the appellee was not guilty of any fraud in the management of the trust estate.

The vagueness of the petition as to additional oral evidence furnished nothing for the lower court or this court to consider. The so-called written after-discovered evidence consists of a written proposal signed by the appellee and dated September 9, 1932, for resubmission of the controversy between the appellant and the appellee to the arbitrators who had previously considered and decided the matter in favor of the appellee. Appellant's petition does not indicate how or when she came into possession of the proposal, although it must have been in the possession of the appellant's attorney for over a year prior to the hearing on Decem-

ber 14, 1933. It has none of the essential attributes of such after-discovered evidence as would warrant or justify a rehearing on that ground. See *Hornick et al. v. Bethlehem Mines Corporation,* 310 Pa. 225, 165 A. 36; *American Soda Water Co. v. Taggart,* 46 Pa. Superior Ct. 123. A willingness upon the part of the appellee to "resubmit all matters in controversy" to arbitration affords no possible inference that there had been no arbitration. Appellant's petition discloses no new facts which, had they been introduced in evidence at the hearing, would probably change the decree which had been entered.

This proceeding cannot afford a second opportunity to reverse the decision of the lower court on questions which were raised, contested, and decided. If appellant believed that the decree was erroneous, her remedy was an appeal therefrom; but she failed to exercise that privilege. See *Friel v. Beadle,* 320 Pa. 204, 182 A. 517; *Mayer v. Brimmer,* 15 Pa. Superior Ct. 451. Appellant's petition for rehearing cannot be made a substitute for an appeal, after the time for taking an appeal has expired. *Given's Estate,* 292 Pa. 483, 488, 141 A. 296, 297.

In dismissing appellant's petition, the court below said: "We are of the opinion that the petition raises no issues and discloses no testimony which could not have been produced by reasonably diligent inquiry at the time of the hearing and which would now justify the court in setting aside the decree."

Under the facts and circumstances presented in the instant case, a review is a discretionary matter, and a denial of it will not be reversed where no abuse of discretion is shown. See *Wohleber's Estate,* 320 Pa. 83, 87, 181 A. 479, 481; *Myers, Adm'x, et al. v. Marquette,* 311 Pa. 198, 202, 166 A. 361, 362.

No such abuse of discretion appears in the record before us.

The decree of the court below is affirmed, at the cost of appellant.