## UNITED STATES v. WINTER.

### No. 8966.

District Court, E. D. Pennsylvania.

May 7, 1941.

Gerald A. Gleeson, U. S. Atty., and Edward A. Kallick, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

A. Lincoln Meyers, of Philadelphia, Pa., for defendant.

BARD, District Judge.

The defendant was indicted under section 37 of the Criminal Code, 35 Stat. 1096, 18 U.S.C.A. § 88, for conspiring with one Fred Kaplan to violate Section 11 of the Selective Training and Service Act of 1940, ch. 720, 54 Stat. 894, 50 U.S.C.A.Appendix § 311.

Kaplan testified before the grand jury returning the true bill, pleaded guilty to the offense charged, and testified for the Government during the prosecution of the defendant, who was found guilty and who now moves for a new trial.

The most strongly urged reason for a new trial is that counsel for the defendant has discovered, since trial, that there is evidence which, it is argued, would discredit the testimony of Kaplan and his father against the defendant.

Counsel states that the defendant, along with others, was threatened with incrimination if money wasn't paid the Kaplans and that this circumstance shows that there was a motive for the Kaplans' testimony. Affidavits by defendant and his father-in-law stating they were threatened were displayed to the court.

The defendant himself was well aware of the threats to himself, if such were in fact made. Also, according to the affidavits, some of the defendant's witnesses were among the others threatened, in addition to himself and his father-in-law. Knowledge of some, if not all, of the threats to these others reasonably can be imputed to the defendant. The question then is whether evidence tending to impeach the credibility of witnesses, which was known to the defendant at the time of trial but was not known to his counsel until after trial, can serve as basis for the award of a new trial.

■ Motions for new trial because of newly discovered evidence are addressed largely to the court's discretion. Glenberg v. United States, 6 Cir., 281 F. 816; Chambers v. Anderson, 6 Cir., 58 F.2d 151; Old Dominion Stages v. Cates, 6 Cir., 65 F.2d 258. In the exercise of my discretion, without more, I would be constrained under the circumstances to refuse a new trial sought on the basis of the impeaching evidence described.

■ In the case of evidence tending merely to impeach the credibility of a witness or of witnesses, there is authority to the effect that a new trial should be denied. Roberts v. United States, D.C., 17 F.Supp. 641; Chambers v. Anderson, supra; Hornick et al. v. Bethlehem Mines Corporation, 310 Pa. 225, 165 A. 36; Hedley v. Snipes, 124 Pa.Super. 396, 188 A. 617. Furthermore, I am decided that the evidence which the defendant now seeks an opportunity to introduce is not newly discovered evidence, since its existence was known to the defendant. Failure on the part of the defendant to disclose it to his counsel is not material as respects this motion. Knowlton v. Seneca Engineering Co., D.C., 36 F.2d 394. Defendant was represented by able counsel who presented to the jury every fact and inference favorable to the defendant and whose manner gave every indication of diligence in preparation for and ability in conducting the trial. It would seem incredible that defendant's counsel failed to explore the defendant's knowledge for circumstances tending to impeach the alleged coconspirator's credibility. Under the cited authorities and in view of all circumstances concerned, it is my conclusion that, in the exercise of discretion, the motion must be denied insofar as based on the alleged evidence.

■ The defendant contends further that the court's charge to the jury did not properly instruct the jury how to regard the testimony of a confessed conspirator. The jury was instructed that the testimony of such a person should be received with caution and should be carefully scrutinized, but that, if after consideration they concluded such testimony worthy of belief, it could be the basis of a verdict of guilty, even though some of it was uncorroborated. This instruction accorded the defendant the safeguard to which he was entitled.

■ It is also the contention of the defendant that the court's instructions to the jury concerning character evidence minimized the importance of such evidence. After reminding the jury that nineteen witnesses were called who testified that prior to the present charge, the defendant bore a good character or reputation among the people who knew him, the Court said: "Evidence of good character or reputation in a criminal case is substantial and positive evidence and it may of itself create a reasonable doubt and justify an acquittal. But on the other hand if you are satisfied beyond a reasonable doubt from all the evidence, including the character testimony, that the defendant is guilty, the evidence of the defendant's good character may not be permitted to overcome the conclusion which follows from that view of the case. In other words, evidence of good character does not raise a separate issue as to the defendant's character, but is to be taken into consideration with all other evidence in the case in determining whether he is guilty beyond a reasonable doubt of the offense charged in the indictment." This latter instruction did not unduly minimize the importance of character evidence, but rather defined the proper consideration to which it is entitled.

I have considered, but find it unnecessary to discuss the remainder of the reasons assigned for new trial.

For the reasons set forth, I conclude that the motion for arrest of judgment and new trial must be denied.

So ordered.